UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

ROLLIE CANNON,                                    )
                                                  )
                    Plaintiff,                    )
                                                  )
          v.                                      )     No. 4:25-cv-00013-TWP-KMB
                                                  )
BLUE SKY CASINO, LLC d/b/a FRENCH LICK            )
RESORT - CASINO,                                  )
                                                  )
                    Defendant.                    )

**ORDER GRANTING PLAINTIFF'S MOTION**
**FOR JOINDER AND TO AMEND COMPLAINT**

Presently pending before the Court is Plaintiff Rollie Cannon's Motion for Joinder and to Amend pursuant to Federal Rules of Civil Procedure 15 and 20. For the reasons explained below, Plaintiff's motion is **GRANTED**. [Dkt. 39.] Defendant's Motion to Strike Plaintiff's Age Discrimination Collective and Class Action Claims, [dkt. 29], and Motion for Judgment on the Pleadings, [dkt. 31] are both **DENIED AS MOOT** since a new operative complaint will be filed and those motions are aimed at Plaintiff's original Complaint.

**I. BACKGROUND**

Plaintiff Rollie Cannon brings this action against his former employer, Defendant Blue Sky Casino, LLC d/b/a French Lick Resort-Casino, alleging several claims under federal and state law, individually and on behalf of those similarly situated. Plaintiff's claims are based, among other things, on his allegations that Defendant failed to properly pay employees for all hours worked, including appropriate overtime wages, and impermissibly applied a tip credit when calculating employee wages. Plaintiff brings the following claims in his Complaint: (1) a collective action under the Fair Labor Standards Act ("FLSA"); (2) a class action under Indiana's Wage Payment

Statute ("Payment Statute"); (3) a collective action under the Age Discrimination in Employment Act ("ADEA"); and (4) a class action under the Indiana Civil Rights law ("ICRC"). [Dkt. 1.]

After filing an Answer to Plaintiff's Complaint, Defendant filed a Motion for Judgment on the Pleadings under Federal Rule of Civil Procedure 12(c), arguing that it is entitled to judgment on Plaintiff's individual and class claims under the Payment Statute.[1] [Dkt. 31.] Specifically, Defendant argues that individuals like Plaintiff whose employment was involuntarily terminated cannot bring claims under the Payment Statute, since that statute only provides relief to individuals who are still employed or voluntarily leave their position with an employer. [*Id.* at 3-5.] Claims by individuals whose employment was terminated, Defendant says, must be brought under the Indiana Wage Claims Statute ("Claims Statute"), which requires exhaustion of state administrative remedies prior to filing suit. [*Id.*] Lastly, Defendant argues that even if Plaintiff properly brought his claims under the Claims Statute, he "does not allege anywhere in his complaint that he exhausted his administrative remedies," so Defendant is entitled to judgment on those claims. [*Id.* at 5.]

Plaintiff responded to Defendant's Motion for Judgment on the Pleadings, and filed his Motion for Joinder and to Amend on the same day. [Dkt. 39.] Plaintiff submits his proposed amended complaint with the pending motion. [Dkt. 39-2.]

## II. DISCUSSION

Plaintiff's Motion for Joinder and to Amend seeks to cure the alleged deficiencies in his Complaint that Defendant set forth in its Motion for Judgment on the Pleadings. First, Plaintiff seeks to add Brad Jones and Melissa Cannon as additional plaintiffs. [Dkt. 39; Dkt. 40.] Because

---

[1] Defendant also filed a Motion to Strike Plaintiff's Age Discrimination Collective and Class Action Claims that he brought pursuant to the ADEA and ICRC, arguing that Plaintiff failed to exhaust his administrative remedies with respect to those claims before bringing this action. [Dkt. 29.]

Mr. Jones remains employed by Defendant and, thus, a proper plaintiff to bring claims under the Payment Statute, Plaintiff seeks to add Payment Statute claims on behalf of Mr. Jones. [Dkt. 40 at 3-5.] Second, Plaintiff seeks to add Ms. Cannon, arguing that she has properly exhausted her administrative remedies and, thus, is a proper plaintiff to bring claims under the Claims Statute. [*Id.*]

In response, Defendant does not oppose adding Mr. Jones and the Payment Statute claims he seeks to bring. [Dkt. 43 at 2 n.1.] Defendant's response focuses solely on whether adding Ms. Cannon and her claims under the Claims Statute is appropriate. Specifically, Defendant argues that the addition of Ms. Cannon and her Claims Statute claims is futile because, like Plaintiff, she has not fully exhausted her administrative remedies and should not be permitted to bring Claims Statute claims individually or represent a class for such claims. [Dkt. 43 at 6-9.]

In reply, Plaintiff first points out that Defendant does not oppose adding Ms. Cannon as a plaintiff for the FLSA, ADEA, and ICRC claims, such that joinder is appropriate for those claims. [Dkt. 52 at 2.] As to the issue of exhaustion, Plaintiff maintains that Ms. Cannon has exhausted her Claims Statute claims and submits a declaration stating that the administrative investigation into Ms. Cannon's claim is complete and "the letter allowing [her] to pursue her case in court is forthcoming." [Dkt. 52 at 2; *see* dkt. 52-1.] Moreover, Plaintiff argues that because Ms. Cannon is not yet a party to the case raising her Claims Statute claims, that undermines Defendant's argument that she has not exhausted prior to filing suit. [Dkt. 52 at 3.]

A.    **Joinder**

Federal Rule of Civil Procedure 20(a) provides that persons may be joined in one action as plaintiffs if: "(A) they assert any right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and

(B) any question of law or fact common to all plaintiffs will arise in the action."

As noted above, Defendant acknowledges that joinder of Mr. Jones is appropriate. [Dkt. 43 at 2 n.1.] Defendant also does not argue that Ms. Cannon fails to meet the joinder requirements of Rule 20(a). Instead, Defendant argues that joinder of Ms. Cannon for purposes of her Claims Statute claims is futile due to her alleged failure to exhaust. This argument is more properly construed as one regarding whether Ms. Cannon can bring the Claims Statute claims in the proposed Amended Complaint, rather than one regarding whether joinder of Ms. Cannon is improper. As Plaintiff points out, Defendant does not oppose joinder of Ms. Cannon for the FLSA, ADEA, and ICRC claims. Given that both Mr. Jones's and Ms. Cannon's claims are essentially the same as Plaintiff's for purposes of the joinder analysis and Defendant does not argue that the requirements of Rule 20(a) are not met, the Court concludes that joinder of Mr. Jones and Ms. Cannon is proper under Rule 20(a).

### B.    Leave to Amend

The Court first addresses the timeliness of Plaintiff's motion. The deadline for the Parties to file "motions for leave to amend the pleadings and/or to join additional parties" was August 1, 2025. [Dkt. 21 at 3; Dkt. 55 at 3.] Plaintiff timely filed his Motion for Joinder and to Amend on July 30, 2025, thus, only the standard for amending pleadings found in Federal Rule of Civil Procedure 15(a)(2) applies.

Rule 15(a)(2) provides that "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). "The Supreme Court has interpreted this rule to require a district court to allow amendment unless there is a good reason—futility, undue delay, undue prejudice, or bad faith—for denying leave to amend." *Liebhart v. SPX Corp.*, 917 F.3d 952, 964 (7th Cir. 2019)

(citation and quotation marks omitted).  Although "district courts have broad discretion to prohibit amendment" when an exception to leave to amend applies, "the norm remains affording a plaintiff at least one opportunity to amend his complaint." *Zimmerman v. Bornick*, 25 F.4th 491, 494 (7th Cir. 2022).

In assessing the Parties' arguments, it is important to recognize at the outset that Defendant does not oppose most of Plaintiff's proposed additional claims and parties.  Defendant accepts that Mr. Jones should be joined and is an appropriate plaintiff to bring the newly proposed claims under the Payment Statute.  Defendant also does not oppose joinder of Ms. Cannon for purposes of the FLSA, ADEA, and ICRC claims.  Defendant only argues that Ms. Cannon's proposed Claims Statute claims are futile because she allegedly failed to exhaust them.  Thus, Defendant at most contends that the claims in Plaintiff's proposed Amended Complaint are partially futile.

The Court need not decide at this time whether the Claims Statute claims are indeed unexhausted and the addition of them futile.  Even assuming for the sake of the argument that the addition of those claims is futile, partial futility is not a compelling basis for the Court to deny leave to amend altogether.  *See Estate of Simpson v. Bartholomew Cnty. Jail*, 2014 WL 5817319, at *3 (S.D. Ind. Nov. 7, 2014) ("[T]he standard for futility of amendment asks whether the pleading as a whole could survive a motion to dismiss.  Thus, even if the portions of the complaint . . . are futile, the remaining allegations against the [defendants] would allow the [proposed amended complaint] to survive a motion to dismiss, such that the Court should grant Plaintiff's motion to amend.").  Courts regularly grant leave to amend even if some of the claims in the proposed amended pleading may be futile.  *See, e.g., Woodson v. 3M Company*, 2022 WL 1450385, at *5 (N.D. Ill. May 9, 2022) ("[A]rguments of partial futility do not persuade this Court to deny the motion to amend.  Many courts grant a motion to amend where the plaintiff has put forth some

allegations that allow the proposed amendment to survive a motion to dismiss, even if other portions of it are futile."); *Schenke v. Griffith*, 2016 WL 5852928, at *4 (N.D. Ind. Oct. 6, 2016) ("The court should grant the plaintiff's motion to amend if the plaintiff has put forth some allegations that allow the proposed amendment to survive a motion to dismiss, even if portions of the complaint are futile.").

Moreover, denying leave to amend here based on partial futility would create unnecessary complications. It would either deny Plaintiff and the proposed joined plaintiffs, Mr. Jones and Ms. Cannon, the ability to pursue certain claims that the Parties do not dispute are appropriately brought in this case or it would require the Court to allow Plaintiff to file another motion for leave to amend without including the allegedly futile claims. Neither option strikes the Court as more appropriate or efficient than simply permitting joinder by granting leave to amend at this time and permitting Defendant to raise whatever challenges to the claims in the Amended Complaint that it sees fit, including whether the Claims Statute claims are properly exhausted.

This approach is particularly appropriate given the low bar that Rule 15(a)(2) sets for leave to amend—requiring courts to "freely give leave when justice so requires"—and given that "the norm remains affording a plaintiff at least one opportunity to amend his complaint." *Zimmerman*, 25 F.4th at 494. Plaintiff has not yet used that first opportunity to amend in this case. For all of these reasons, the Court concludes that leave to amend is appropriate at this stage of the litigation and grants Plaintiff's motion seeking leave to do so. [Dkt. 39.]

### III. CONCLUSION

For the reasons explained herein, Plaintiff's Motion for Joinder and to Amend is **GRANTED**. [Dkt. 39.] In so ruling, the Court emphasizes that it is only deciding whether joinder and leave to amend are appropriate, not whether any of the claims in the proposed Amended

Complaint are properly exhausted or otherwise subject to a substantive challenge by Defendant in response to the amended pleading.

The Court now **ORDERS** as follows:

- Plaintiff **SHALL FILE** the First Amended Complaint as proposed by the filing attached to Plaintiff's Motion for Leave to Amend within **5 days of the issuance of this Order**.

- Defendant shall answer or otherwise respond to the First Amended Complaint within **14 days of Plaintiffs filing it on the docket**.

- Defendant's Motion to Strike Plaintiff's Age Discrimination Collective and Class Action Claims, [dkt. 29], and Motion for Judgment on the Pleadings, [dkt. 31] are both **DENIED AS MOOT** since those motions are directed at the original Complaint and Plaintiffs' First Amended Complaint will be the new operative pleading in this case. Defendant may raise any of the issues and arguments set forth in those motions again in response to the First Amended Complaint, should it be appropriate to do so.

**SO ORDERED**.

Date: 10/27/2025

*Kellie M. Barr*

Kellie M. Barr
United States Magistrate Judge
Southern District of Indiana

Distribution:

All electronically registered counsel via CM/ECF