UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | | |
|---|---|---|
| ROLLIE CANNON, | ) | |
| MELISSA CANNON, | ) | |
| BRAD JONES, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No. 4:25-cv-00013-TWP-KMB |
| | ) | |
| BLUE SKY CASINO, LLC D/B/A FRENCH | ) | |
| LICK RESORT & CASINO, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER DENYING SECOND MOTION FOR JOINDER AND TO AMEND**

Presently pending before the Court is Plaintiffs Rollie Cannon, Melissa Cannon, and Brad Jones' Second Motion for Joinder and to Amend pursuant to Federal Rules of Civil Procedure 15 and 20.  [Dkt. 102.]  Defendant Blue Sky Casino, LLC d/b/a French Lick Resort-Casino ("Blue Sky") filed a response opposing the motion, [dkt. 103], and Plaintiffs filed a reply, [dkt. 104].  For the reasons explained below, Plaintiffs' motion is **DENIED**.  [Dkt. 102.]

**I.        BACKGROUND**

Plaintiff Rollie Cannon brought this action against his former employer, Blue Sky, alleging various wage and age discrimination claims under federal and state law, individually and on behalf of those similarly situated.  [Dkt. 1.]  The Court entered a Case Management Plan on May 16, 2025. [Dkt. 21.]  Among other things, the Case Management Plan set a deadline of August 1, 2025, for the Parties to seek leave to amend pleadings or to join additional parties.  [*Id.* at 3.]

Shortly before that deadline, Mr. Cannon timely moved for leave to add additional claims and plaintiffs to the case, [dkt. 39], and the Court granted that motion on October 27, 2025, [dkt.

1

63].[1]  Consistent with the Court's Order, current Plaintiffs Rollie Cannon, Melissa Cannon, and Brad Jones then filed their Amended Complaint.  [Dkt. 66.]  The Amended Complaint asserts sixteen claims against Blue Sky, including claims brought on behalf of a class or collective.  [*Id.*]

On January 6, 2026, Blue Sky moved to strike ten of the class and collective action claims in Plaintiffs' Amended Complaint.  [Dkt. 73.]  That motion remains pending before the Court. Relevant here, Blue Sky argues in that motion that Plaintiff Brad Jones cannot serve as class representative for the Indiana Wage Payment Statute ("IWPS") claims—Counts VIII and X of the Amended Complaint, [dkt. 66 at 24-26]—because he allegedly never worked for a subminimum hourly rate during the relevant statutory period and never received a blended rate.  [Dkt. 74 at 17-18.]

Plaintiffs filed the instant Motion for Joinder and to Amend on March 31, 2026, [dkt. 102], which is nearly eight months after the August 1, 2025, deadline for the Parties to seek leave to amend pleadings and add parties, [dkt. 55 at 3].  Among other things, Plaintiffs' motion states that previously unknown and undisclosed information produced by Blue Sky shows that Mr. Jones may not have ever worked for a subminimum or blended hourly rate.  [Dkt. 102 at 2.]  Plaintiffs' motion therefore seeks to add three new Plaintiffs, at least two of whom have allegedly worked for a subminimum hourly rate and blended rate and, thus, Plaintiffs contend could serve as the class representative for two of the IWPS claims that Defendants have moved to strike in their pending motion.

---

[1] Between the filing of Mr. Cannon's first motion to add additional claims and plaintiffs and the Court's ruling on that motion, the Court entered an Amended Case Management Plan that changed some deadlines but kept the deadline for Parties to seek leave to amend pleading or to join additional parties as August 1, 2025.  [Dkt. 55 at 3.]

## II.   APPLICABLE LEGAL STANDARD

Generally, a motion for leave to amend a pleading is evaluated under Federal Rule of Civil Procedure 15(a)(2).  In cases where that subsection of the rule applies, "a party may amend its pleading only with the opposing party's written consent or the court's leave.  The court should freely give leave when justice so requires."  Fed. R. Civ. P. 15(a)(2).  "The Supreme Court has interpreted this rule to require a district court to allow amendment unless there is a good reason— futility, undue delay, undue prejudice, or bad faith—for denying leave to amend."  *Liebhart v. SPX Corp.*, 917 F.3d 952, 964 (7th Cir. 2019) (citation and quotation marks omitted).

Joinder of parties is governed by Federal Rule of Civil Procedure 20(a), which provides that persons may be joined in one action as plaintiffs if "(A) they assert any right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all plaintiffs will arise in the action."

When a party seeks leave to join parties or amend a pleading after the deadline to do so has passed, a "heightened good-cause standard" from Rule 16(b)(4) applies before the court considers whether the requirements of the amendment or joinder rules are met.  *Adams v. City of Indianapolis*, 742 F.3d 720, 734 (7th Cir. 2014) (citation omitted).  In other words, "post-deadline amendments create a two-step process."  *Sumrall v. LeSea, Inc.*, 104 F.4th 622, 630 (7th Cir. 2024) (citation and quotation marks omitted).  "First a party seeking amendment must show good cause for modifying the scheduling order."  *Id.* (citation and quotation marks omitted).  Only then will the Court determine whether amendment or joinder is proper under Rules 15 and 20.  *Id.*  The heightened good cause standard articulated in Rule 16 primarily considers the diligence of the

party seeking the amendment to determine whether good cause has been established. *Id.* The movant bears the burden to establish its diligence under Rule 16. *Id.*

### III.   DISCUSSION

Plaintiffs' motion seeks to add three additional plaintiffs and amend their operative complaint to add one additional claim. The Court will first address the request to join additional plaintiffs, before turning to Plaintiffs' request to add an additional claim.

### A.   Leave to Join Additional Plaintiffs

The Court's analysis begins with the reasoning behind Plaintiffs' request to add additional Plaintiffs to this case. Plaintiffs seek to add Jerry Goolsby, Darlene Porter, and Jessica Arthur as Plaintiffs in this case.[2] [Dkt. 102 at 1.] Plaintiffs allege that, unlike Mr. Jones, Mr. Goolsby and Ms. Porter have both worked for a subminimum rate during the relevant statutory period and have received a blended rate. [*Id.* at 4.] Plaintiffs therefore maintain that if they are permitted to join Mr. Goolsby and Ms. Porter, "Plaintiffs Counts VIII and X—which are the subject of [Blue Sky's] Motion to Strike—may stand, as the issues that [Blue Sky] raises in its motion are remedied and thus moot." [*Id.* at 5.]

Plaintiffs also maintain that Mr. Goolsby, Ms. Porter, and Ms. Arthur all meet the requirements for joinder set forth in Federal Rule of Civil Procedure 20. [Dkt. 102 at 4.] Plaintiffs' motion does not at all mention, however, that their request to join additional parties was made nearly eight months after the August 1, 2025, deadline for a party to seek leave to do so. [*See id.*] Although not explicitly stated, Plaintiffs appear to implicitly acknowledge that their motion is untimely when they attempt to justify why their motion was not made sooner. Specifically,

---

[2] All three of the proposed additional Plaintiffs have already filed notices of consent to opt in to this action. [Dkts. 57-1; 60-1; 68-1.]

Plaintiffs state that on December 11, 2025, Blue Sky "produced previously unknown and undisclosed information in discovery pertaining to Brad Jones which tends to show that he did not work for a sub-minimum rate during the relevant period and may not have received a blended overtime rate." [*Id.* at 2.]  Plaintiffs contend that Blue Sky had this "wage discovery" during the entirety of the case, and Plaintiffs requested it "through normal written discovery propounded in June 2025, but Blue Sky refused to provide it in a timely manner" and only received it on December 11, 2025.  [*Id.* at 3.]  Notably, Plaintiffs do not explicitly acknowledge that their motion was filed eight months after the deadline, do not cite Rule 16(b)(4), and do not acknowledge that they must first show good cause under Rule 16(b)(4) to add parties after the deadline.

Blue Sky opposes Plaintiffs' request to add additional plaintiffs to this action.  [Dkt. 103.] It argues that Plaintiffs have failed to show good cause under Rule 16(b)(4) as is required to add additional parties after the deadline to do so has passed.  [*Id.* at 6-7.]  Blue Sky further notes that Plaintiffs' only justification for the belated request to add Mr. Goolsby and Ms. Porter to replace Mr. Jones as the class representative for Counts VIII and X of the Amended Complaint is Plaintiffs' assertion that they received previously undisclosed evidence regarding Mr. Jones' pay on December 11, 2025. [*Id.* at 6.]  Blue Sky contends, however, that Plaintiffs had sufficient evidence to know that Mr. Jones did not receive a subminimum rate or blended pay well before December 11, 2025, because: (1) Blue Sky produced Mr. Jones' entire personnel file and pay stubs (covering December 23, 2022, through August 29, 2025) on September 29, 2025, which contained all of the necessary information about Mr. Jones' pay status; (2) during Mr. Jones' deposition on October 27, 2025, Mr. Jones' testimony and documents shown to him during the deposition made clear that Mr. Jones did not receive a subminimum rate or blended pay; and (3) information regarding Mr. Jones' pay "was also information Plaintiffs' counsel could have received by merely interviewing their

own client." [*Id.*]  Lastly, even assuming Plaintiffs first learned of Mr. Jones' pay status on December 11, 2025, Blue Sky contends that this is an admission that Plaintiffs still inexplicably waited nearly four months to file the instant motion on March 31, 2026.[3]  [*Id.*]

Unlike in their initial motion, Plaintiffs' reply brief acknowledges that they must show the heightened good cause required under Rule 16(b)(4) to join additional Plaintiffs after the deadline and that, to do so, they must show that they exercised the requisite diligence.  [Dkt. 104 at 10.]  To demonstrate that diligence, Plaintiffs reiterate that they "did not learn the true nature of [Mr.] Jones' payroll records until December 11, 2025."  [*Id.*]  Moreover, for the first time, Plaintiffs imply that even the payroll information received on December 11, 2025, may not have been sufficient for them to know that Mr. Jones was not paid subminimum wage or a blended rate.  [*Id.* at 4-5, 10.]  Plaintiffs point to the deposition of Blue Sky's head payroll employee, Sonja Ashby, which occurred on March 2, 2026.  [*Id.* at 4-5.]  Specifically, Plaintiffs note that Ms. Ashby testified that employees' pay rates are maintained in their personal file, and that raises to an employee's pay rate are given to the payroll department on a paper form that is entered once per month.  [*Id.*]  Based on this testimony, Plaintiffs argue that they "did not learn the true nature of . . . how Defendant administered its payroll department until March 2, 2026," and that they "moved for leave to join and amend less than 30 days later."  [*Id.* at 10.]

The Court need not delve into whether joinder of the proposed additional plaintiffs is proper under Rule 20 because the Court concludes that Plaintiffs have failed to establish good cause under Rule 16(b)(4) to add additional plaintiffs so far after the deadline to do so has passed.  As noted

---

[3] Defendants also argue that they would be prejudiced by the joinder of three additional plaintiffs at this stage of the case.  [Dkt. 103 at 7-11.]  Plaintiffs disagree.  [Dkt. 104 at 10.]  Because the Court ultimately concludes that Plaintiffs have not established good cause under Rule 16(b)(4) to join additional parties, the Court need not reach the Parties' arguments regarding prejudice.

above, the good-cause inquiry focuses on the diligence of the party seeking to amend a deadline. *See Sumrall*, 104 F.4th at 630.  The deadline to seek leave to add additional parties was August 1, 2025.  [Dkt. 55 at 3.]  Plaintiffs filed the instant motion to join additional plaintiffs nearly eight months later, on March 31, 2026.  [Dkt. 102.]  Plaintiffs' initial motion does not even explicitly acknowledge that their motion is late—let alone eight months late.  [*Id.*]  Nor do they recognize that such a belated request requires them to show heightened good cause under Rule 16(b)(4).  [*Id.*]  These failures alone provide a sufficient basis to deny Plaintiffs' motion, especially consider how far after the deadline Plaintiffs filed the pending motion.

Even if the Court construes their arguments as an attempt to show diligence, their arguments are unpersuasive.  At best, Plaintiffs maintain that they did not know the predicate facts necessitating joinder—that Mr. Jones was not paid a subminimum or blended rate and thus could not serve as the class representative for certain claims—until December 11, 2025.[4]  [Dkt. 102 at

---

[4] For two independent reasons, the Court rejects Plaintiffs' argument that they did not fully understand Mr. Jones' pay rate until they deposed Ms. Ashby on March 2, 2026.  [Dkt. 104 at 4-5, 10.]  First, arguments raised for the first time in reply are waived.  *Wonsey v. City of Chicago*, 940 F.3d 394, 398 (7th Cir. 2019) ("[A]rguments raised for the first time in a reply brief are waived.").  Regardless, if the information gleaned during that deposition was important to show diligence, Plaintiffs should have raised this argument in their original motion.  Because they did not do so, Defendant has not had an opportunity to respond to it.  Second, even if the argument was not waived, it is unconvincing.  Plaintiffs point to portions of Ms. Ashby's deposition that show Blue Sky's time records were kept by hand and added once per month.  [Dkt. 104 at 4-5.]  Plaintiffs say that they "had no understanding [of] how their hourly rate information was administered by Blue Sky's payroll team until then."  [*Id.* at 5.]  But it is undisputed that Plaintiffs had all of Mr. Jones' pay information by December 11, 2025, at the latest, which alone was sufficient for them to recognize that Mr. Jones was not paid a subminimum or blended rate.  Plaintiffs essentially concede this in their initial motion.  [Dkt. 102 at 2 (noting that the discovery Blue Sky produced on December 11, 2025, "tend[ed] to show that [Mr. Jones] did not work for a sub-minimum rate during the relevant period and may not have received a blended overtime rate").]  Moreover, subsequently learning from Ms. Ashby that aspects of Blue Sky's payroll were administered monthly by hand has no bearing on the critical issue of whether Mr. Jones was paid a subminimum or blended rate.

2-3, 5.] But Plaintiffs offer no explanation for why they waited more than three-and-a-half months from December 11, 2025, until the filing of their motion on March 31, 2026, to attempt to add the additional proposed plaintiffs.[5] The failure to explain this delay precludes Plaintiffs from showing that they acted diligently.[6] *See Johnson v. Henry Cnty. Sheriff's Dept.*, 2025 WL 2097420, \*1 (S.D. Ind. July 24, 2026) (denying plaintiff's motion to add additional parties because it was filed four months after the deadline for such motions even though plaintiff had the necessary information to add those parties much earlier); *Saeed & Little, LLP v. Casey*, 2024 WL 4211219, \*1 (S.D. Ind. Sept. 17, 2024) (affirming the magistrate judge's denial of plaintiff's motion for leave to amend filed three months after the deadline because "[p]laintiffs have not explained why they could not [have moved earlier]").

Because Plaintiffs have not carried their burden to establish diligence, the Court concludes that they have not shown good cause under Rule 16(b)(4). Accordingly, Plaintiffs' motion to join Mr. Goolsby, Ms. Porter, and Ms. Arthur as plaintiffs nearly eight months after the deadline to do

---

[5] Although the Court need not ultimately reach this issue, it agrees with Blue Sky that Plaintiffs knew or should have known that Mr. Jones did not have a subminimum payrate even earlier than December 11, 2025, necessitating diligence in seeking amendment even before then. On September 29, 2025, Blue Sky produced Mr. Jones' personnel file, which lists his payrate as $7.30—above minimum wage—beginning October 15, 2021. [Dkt. 103-2 at 5.] Mr. Jones was then deposed on October 27, 2025. Among other things, Mr. Jones testified that he "never had a blended rate . . . that [he's] aware of," [dkt. 74-3 at 29], and that he does not "know of" being "paid under minimum wage," [*id.* at 33-34]. At minimum, this information should have suggested to Plaintiffs that Mr. Jones may not be a proper class representative for claims involving subminimum wage or blended rates.

[6] At several points in their briefing, Plaintiffs blame Blue Sky for any delays, arguing that in June 2025 they requested the wage discovery that Blue Sky produced on December 11, 2025, but Blue Sky "refused to provide it in a timely manner." [Dkt. 102 at 3.] Not only did Plaintiffs not raise any discovery issues about this delay with the Court, but, more importantly, Plaintiffs ultimately received the discovery on December 11, 2025. It is Plaintiffs' unexplained delay from that date until the filing of the instant motion on March 31, 2026, that leads to the denial of Plaintiffs' motion.

so is **DENIED**.[7] *See Arrigo v. Link*, 836 F.3d 787, 797 (7th Cir. 2016) (noting that the Seventh Circuit has "upheld denials of motions for leave to amend filed months after the deadline where the plaintiffs did not demonstrate good cause").

### B.      Leave to Add an Additional Claim

Plaintiffs also seek leave to amend their Amended Complaint to add a breach of contract claim related to Blue Sky's employer-sponsored retirement savings policy.  [Dkt. 102 at 6; dkt. 102-1 at 69-70.]  In their initial motion, the entirety of Plaintiffs' argument for why they should be granted leave to add this claim is as follows: "Plaintiffs learned of the viability of this claim during the discovery process when it became clear that Defendant's wage and hour violations were pervasive amongst every department of employees and that employees were eligible for this benefit.  Plaintiff brings this additional count in good faith." [Dkt. 102 at 6.]

Blue Sky opposes the addition of this claim on multiple bases.  Most relevant here, Blue Sky maintains that "Plaintiffs' one-sentence explanation for their extreme delay in asserting this new claim does not demonstrate good cause."[8]  [Dkt. 103 at 8.]

In reply, Plaintiffs contend that the Parties were on notice of the potential for this claim by at least October 28, 2025, when Blue Sky deposed Plaintiff Melissa Cannon who alleged issues regarding underpayments to her retirement plan.  [Dkt. 104 at 11.]  Plaintiffs maintain that they

---

[7] Defendants correctly note that "Plaintiffs do not explain why they seek to add Jessica Arthur as a named plaintiff."  [Dkt. 103 at 5.]  Because the Court concludes that Plaintiffs lack good cause to add Mr. Goolsby and Ms. Porter, Plaintiffs' failure to offer anything additional regarding Ms. Arthur shows that Plaintiffs also lack good cause to add her as a plaintiff.

[8] Blue Sky also argues, and Plaintiffs in their reply dispute, that Plaintiffs' breach-of-contract-claim is preempted by the Employee Retirement Income Security Act ("ERISA") and that the proposed claim cannot meet the commonality and typicality requirements to certify a class for such a claim. [Dkt. 103 at 8; Dkt. 104 at 11.]  Since the Court concludes that Plaintiffs do not have good cause to bring their proposed claim, the Court need not resolve the Parties' disputes regarding ERISA preemption and class suitability.

only learned that this claim might be viable as a class claim when they received the payroll discovery on December 11, 2025. [*Id.*]

Plaintiffs' belated request to add this additional claim must be denied for essentially the same reasons the Court denies their request to add additional parties—namely, Plaintiffs fail to carry their burden of showing good cause under Rule 16(b)(4) to add a claim long after the deadline to do so has passed. Again, the deadline to move to add additional claims was August 1, 2025, [dkt. 55 at 3], and Plaintiffs filed the instant motion nearly eight months later on March 31, 2026.[9] Despite their motion arriving long after the deadline, Plaintiffs' initial justification amounts to a single sentence, stating that they learned of the viability of this claim at some unstated time during discovery. [Dkt. 102 at 6.] Plaintiffs fail to explain what specific discovery lead to this realization, when that discovery was received, and what efforts they made to diligently pursue the claim once they received the information. Having not provided any of this information, the Court concludes that Plaintiffs have completely failed to carry their burden to show that they were diligent in pursuing this claim and having good cause under Rule 16(b)(4).

Plaintiffs' reply provides new arguments as to why they were allegedly diligent in pursuing this claim. Specifically, Plaintiffs point to the same discovery produced by Blue Sky on December 11, 2025, as the time in which they realized this class claim was available. [Dkt. 104 at 11.] Since this argument was raised for the first time in reply, however, it is waived. *See Wonsey*, 940 F.3d at

---

[9] In reply when responding to Blue Sky's argument that Plaintiffs' motion is nearly eight months passed the deadline, Plaintiffs did not disagree. They instead assert the following: "However, the Parties' case management order and incorporating deadlines have changed multiple times." [Dkt. 104 at 9 (citing dkts. 21; 55; 75; 96).] Plaintiffs' point is unclear. While certain case management deadlines have changed, the relevant deadline here—the deadline to move for leave to add additional parties or claims—has always been August 1, 2025. [*See* dkts. 21; 55; 75; 96.] If Plaintiffs' point is that the case management deadlines have previously been moved and can simply move again, they misunderstand that such a request, if made after the deadline, requires a showing of heightened good cause under Rule 16(b)(4).

398.  Even if it was not waived, it fails to establish diligence for the same reasons discussed above with respect to Plaintiffs' request to add additional parties.  By Plaintiffs' own argument, they discovered the viability of this claim on December 11, 2025, but took no action to pursue it until they filed the instant motion for leave to amend on March 31, 2026.  Plaintiffs offer no explanation for this more than three-and-a-half-month delay.  Without such an explanation, the Court cannot conclude that they exercised diligence in pursuing this claim.  *See Johnson*, 2025 WL 2097420, at *1; *Saeed & Little*, 2024 WL 4211219, at *1.  For all of these reasons, Plaintiffs' request to file a second amended complaint that adds their proposed breach-of-contract claim is **DENIED**.

### IV.    CONCLUSION

Plaintiffs requested leave to add additional plaintiffs and an additional claim nearly eight months after the deadline to do so passed.  The Court would expect such a belated request to be accompanied by a robust showing that Plaintiffs were diligent in seeking these amendments in order to show good cause under Rule 16(b)(4).  Instead, Plaintiffs' initial motion fell well short of that showing, as they did not even acknowledge the relevant legal standard or that their motion was filed after the relevant deadline.  Their arguments made for the first time in reply were too late.  Even considering those arguments, they still leave the Court without an explanation for why Plaintiffs waited more than three-and-a-half months after they had the information to file the instant motion.  Such an unexplained delay, under the circumstances presented here, fails to show diligence or meet Plaintiffs' burden for the relief they seek in the pending motion.  For all of these reasons, Plaintiffs' Motion for Joinder and Leave to Amend is **DENIED**.  [Dkt. 102.]

**SO ORDERED.**

Date: 6/11/2026

_Kellie M. Barr_
Kellie M. Barr
United States Magistrate Judge
Southern District of Indiana

11

Distribution:

All ECF-registered counsel of record via email