**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**NEW ALBANY DIVISION**

| | | |
|---|---|---|
| ROLLIE CANNON individually, and on behalf of all others similarly situated, MELISSA CANNON individually, and on behalf of all others similarly situated, BRAD JONES individually, and on behalf of all others similarly situated, | ) | |
| Plaintiffs, | ) | |
| v. | ) | No. 4:25-cv-00013-TWP-KMB |
| BLUE SKY CASINO, LLC D/B/A FRENCH LICK RESORT & CASINO, | ) | |
| Defendant. | ) | |

**ORDER DENYING DEFENDANT'S MOTION TO STRIKE PLAINTIFFS' CLASS AND COLLECTIVE CLAIMS AT COUNTS V–VI, VIII, AND X–XVI**

This matter is before the Court on Defendant Blue Sky Casino, LLC's ("Blue Sky") Motion to Strike Plaintiffs' Class and Collective Claims at Counts V, VI, VIII, X, XI, XII, XIII, XIV, XV, and XVI of Plaintiffs' First Amended Complaint ("Motion to Strike") (Filing No. 73). Plaintiffs Rollie Cannon ("Mr. Cannon"), Melissa Cannon ("Ms. Cannon"), and Brad Jones ("Mr. Jones") (collectively, "Plaintiffs") are all former or current employees of Blue Sky. They bring this class and collective action against Blue Sky asserting claims for age discrimination under the Age Discrimination in Employment Act, 29 U.S.C. § 621 *et seq.* ("ADEA"), and Indiana Civil Rights Law, Ind. Code § 22-9-1-1 *et seq.* ("ICRL"), as well as minimum wage and overtime wage claims under the Fair Labor Standards Act, 29 U.S.C. §§ 201 ("FLSA"), the Indiana Wage Payment Statute, Ind. Code §§ 22-2-5-1–3 ("Wage Payment Statute"), and Indiana Wage Claims Statute, Ind. Code §§ 22-2-9-1–8 ("Wage Claims Statute"). Blue Sky moves to strike the collective and class claims under the ADEA and ICRL (Counts V–VI and XV–XVI), two class claims under the

Wage Payment Statute (Counts VII and X), and the class claims under the Wage Claims Statute (Counts XI–XIV). For the reasons discussed below, Blue Sky's Motion to Strike is **denied**.

## I. BACKGROUND

Mr. Cannon and Ms. Cannon are former employees of Blue Sky, and Mr. Jones is a current employee. Mr. Cannon initiated this class/collective action on January 21, 2025, asserting claims under the ADEA, ICRL, FLSA, Wage Payment Statute, and Wage Claim Statute (Filing No. 1). Prior to filing his initial complaint, Mr. Cannon dual-filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") and the Indiana Civil Rights Commission. *Id.* ¶ 102; (Filing No. 66 ¶ 116). Mr. Cannon does not allege that he filed a complaint with the Indiana Department of Labor regarding his Wage Claim Statute claims before initiating this action (*see generally* Filing No. 1; Filing No. 66).

Soon after Mr. Cannon initiated this action, the parties began engaging in discovery (*see* Filing No. 22). On July 7, 2025, Blue Sky moved to strike Mr. Cannon's collective and class claims and moved for judgment on the pleadings (Filing No. 29; Filing No. 31).

Meanwhile, on January 27, 2025, Ms. Cannon submitted an inquiry with the Indiana Civil Rights Commission (Filing No. 66 ¶ 117; Filing No. 66-4). On March 18, 2025, she filed a formal Complaint of Discrimination (Filing No. 74-2). And on July 18, 2025, she submitted a Wage Claim Statute claim to the Indiana Department of Labor ("DOL") (Filing No. 66 ¶ 99; Filing No. 66-2).

On July 30, 2025, Mr. Cannon filed his first Motion to Join Co-Plaintiffs and to Amend Complaint, which sought to join Ms. Cannon and Mr. Jones as plaintiffs and to add or revise certain counts applicable to Ms. Cannon or Mr. Jones (Filing No. 39). On September 22, 2025, the DOL issued a referral letter to Ms. Cannon for her Wage Claim Statute claim (Filing No. 66 ¶ 99).

On October 27, 2025, over Blue Sky's opposition, the Court granted the Motion to Join (Filing No. 63) and ordered Plaintiffs to file the proposed First Amended Complaint attached to

the Motion to Join (Filing No. 39-2). The Court also denied as moot Blue Sky's original motion to strike and motion for judgment on the pleadings. Plaintiffs filed the operative Amended Complaint later that day (Filing No. 66).

Blue Sky filed an Answer to the Amended Complaint (Filing No. 69), followed by the instant Motion to Strike the class and collective claims for Counts V–VI, VIII, and X–XVI of the Amended Complaint (Filing No. 73). Plaintiffs filed their response in opposition in February 2026, and Blue Sky filed its reply two weeks later (Filing No. 81; Filing No. 93).

On March 31, 2026, Plaintiffs filed a Second Motion to Join Co-Plaintiffs and to Amend Complaint, seeking to add three more plaintiffs and to file a second amended complaint (Filing No. 102). The Court, noting that the Second Motion to Join was filed eight months after the deadline to seek leave to amend, denied the request (Filing No. 108).

The Amended Complaint therefore remains the operative pleading, and Blue Sky's Motion to Strike is before the Court for review.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 12(f) allows the Court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." A motion to strike class allegations, however, is evaluated under Rule 23, rather than Rule 12(f). *See Womick v. Kroger Co.*, No. 21-cv-574, 2022 WL 1266630, at *2 (S.D. Ill. Apr. 28, 2022) ("District courts within the Seventh Circuit 'evaluate motions to strike class allegations under Rule 23, not Rule 12(f).'" (quoting *Buonomo v. Optimum Outcomes, Inc.*, 301 F.R.D. 292, 295 (N.D. Ill. 2014))).

Rule 23(c) provides, "[a]t an early practicable time . . . , the court must determine by order whether to certify the action as a class action." A court may therefore deny class certification even before the plaintiff moves to certify. *Kasalo v. Harris & Harris, Ltd.*, 656 F.3d 557, 563 (7th Cir. 2011). "If the plaintiff's class allegations are facially and inherently deficient, . . . a motion to strike

class allegations can be an appropriate device to determine whether the case will proceed as a class action." *Buonomo*, 301 F.R.D. at 295 (cleaned up).

Motions to strike class allegations are generally disfavored. *DuRocher v. Nat'l Collegiate Athletic Ass'n*, No. 13-cv-01570, 2015 WL 1505675, at *4 n.2 (S.D. Ind. Mar. 31, 2015) (collecting cases). "In the exceptional case, circumstances may warrant a motion to strike class allegations to conserve court and party resources and where the pleadings make clear that the suit cannot satisfy Rule 23." *Id.* at *6 (citation modified). If the dispute over certification is factual in nature and discovery is needed to determine whether to certify a class, a motion to strike class allegations at the pleadings stage is premature. *Buonomo*, 301 F.R.D. at 295. "Since class certification 'generally involves considerations that are enmeshed in the factual and legal issues comprising the plaintiff's cause of action,' striking class allegations at the pleading stage is generally inappropriate." *Brown v. Swagway, LLC*, No. 15-CV-588, 2017 WL 899949, at *1 (N.D. Ind. Mar. 7, 2017) (quoting *Boatwright v. Walgreen Co.*, No. 10-cv-3902, 2011 WL 843898, at *2 (N.D. Ill. Mar. 4, 2011)).

Where, as here, a defendant attempts to preemptively strike class allegations on the face of the complaint prior to the plaintiff's motion for class certification and before discovery has been conducted, the court accepts the plaintiff's allegations supporting class certification as true. *Cox v. Sherman Capital LLC*, No. 1:12-CV-01654-TWP, 2014 WL 1328147, at *9 (S.D. Ind. Mar. 31, 2014). The burden falls on the defendant to demonstrate that "no possible set of factual allegations . . . could justify certifying a class." *Id.* (citing *Boyce v. Wachovia Sec., LLC*, No. 09-CV-263-FL, 2010 WL 1253744, at *7 (E.D.N.C. Feb. 17, 2010) ("To prevail at this early stage, defendants have the burden of demonstrating from the face of plaintiffs' complaint that it will be impossible to certify the classes alleged by the plaintiffs regardless of the facts the plaintiffs may be able to prove." (quotations omitted))).

## III. DISCUSSION

Blue Sky argues that the class and collective claims for Counts V–VI, VIII, and X–XVI should be dismissed for a variety of reasons, including that; the Jones' failed to properly exhaust their mandatory administrative remedies with respect to the class and collective claims, and before filing this lawsuit; and that Mr. Jones's admissions made during discovery preclude him from bringing the Payment Statue claims, and he lacks standing to assert them on a class-wide basis. (Filing No. 74at 1-2). The Court will begin its analysis with Blue Sky's request to dismiss Mr. Jones' class claims under the Wage Payment Statute (Counts VIII and X), then turn to Blue Sky's request to dismiss the Cannons' class claims under the Wage Claims Statute (Counts XI–XIV), and lastly discusses the request to dismiss the Cannons' collective and class claims under the ADEA and IRCL (Counts V–VI and XV–XVI).

### A. Mr. Jones' Wage Payment Statute Claims (Counts VIII and X)

Blue Sky moves to strike the class claims for two of Mr. Jones' Wage Payment Statute claims, Count VIII and Count X. Count VIII is a "tip credit" minimum wage claim, which alleges that Blue Sky paid Mr. Jones and proposed class members a direct cash wage of less than $7.25 per hour (Filing No. 66 ¶ 135). Count X is a "blended rate" claim, which alleges that Blue Sky paid Mr. Jones and proposed class members, who were employed at two or more hourly rates and worked more than forty hours in a work week, a direct cash wage less than the weighed average of the two hourly rates. *Id.* ¶ 139.

Blue Sky argues Mr. Jones is precluded from representing the proposed class for the tip credit claim (Count VIII) because he admitted in his deposition that he never earned less than $7.25 per hour during the relevant period, and because Blue Sky's business records confirm that he made more than $7.25 per hour since October 2021 (Filing No. 74 at 17–18; Filing No. 93 at 3–4). Defendants similarly argue that Mr. Jones cannot represent the proposed class for the blended rate

claim (Count X) because he admitted in his deposition that he has only ever worked in one role and was therefore not paid two or more hourly rates (Filing No. 74 at 18; Filing No. 93 at 3).

Plaintiffs respond that it is improper for the Court to look beyond the pleadings when adjudicating a motion to strike class allegations (Filing No. 81 at 14). On reply, Blue Sky argues that the Court may consider materials outside the pleadings, particularly here, where additional discovery would not cure the defects created by Mr. Jones' deposition (Filing No. 93 at 3).

The Court agrees with Plaintiffs that at this stage, the Court should not look beyond the Amended Complaint. It appears that only one decision in the Seventh Circuit found it appropriate to consider materials outside the pleadings, the Northern District of Illinois' decision in *Lee v. Children's Place Retail Stores, Inc.*, No. 14 C 3258, 2014 WL 5100608 (N.D. Ill. Oct. 8, 2014), on which Blue Sky relies in its reply (Filing No. 93 at 3). The *Lee* court's decision to look beyond the pleadings was based on four other cases, but two of those cases—*Szabo v. Bridgeport Machines, Inc.*, 249 F.3d 672 (7th Cir. 2001), and *Hamilton v. O'Connor Chevrolet, Inc.*, No. 2-C-1897, 2006 WL 1697171, at *3 (N.D. Ill. June 12, 2006)—involved motions to certify a class; the third case—*In re Yasmin & Yaz (Drospirenone) Marketing*, 275 F.R.D. 270, 274 (S.D. Ill. 2011)—considered only the complaint and the parties briefs and turned on "facial deficiencies" in the complaint; and in the fourth case—*Bohn v. Boiron, Inc.*, No. 11-C-8704, 2013 WL 3975126 (N.D. Ill. Aug. 1, 2013)—the court struck class allegations on the basis of *res judicata*, after taking judicial notice of prior court records. Accordingly, *Lee*'s holding lacks support from applicable authority.[1]

Moreover, the Northern District of Illinois has since held that notwithstanding *Lee* and the courts' obligation to promptly resolve certification questions, "the majority view is that, when a defendant moves to strike class allegations, the inquiry is limited to the facial plausibility of the

[1] The other case cited by Blue Sky, *Kasalo*, 656 F.3d at 563, involved a motion to dismiss for lack of prosecution and is therefore also inapposite.

class as alleged in the complaint." *Lukis v. Whitepages Inc.*, 535 F. Supp. 3d 775, 795 (N.D. Ill. 2021); *see Perez v. Consumer Fin. Servs., Corp.*, No. 24 C 3180, 2026 WL 2212485, at *3 (N.D. Ill. July 31, 2026) ("[T]here is another, more specific reason that the court denies defendant's motion to strike from the outset: it is premised on matters outside of the pleadings. Defendant's argument is centered upon a deposition transcript, a transcript that defendant contends is evidence that plaintiff committed perjury. But the court cannot consider matters outside of the pleadings on a motion to strike.").

A fellow judge in this district previously declined to consider materials outside the pleadings on a motion to strike class allegations and sees no reason to depart from that practice here. *DuRocher*, 2015 WL 1505675, at *1 ("Even on a motion to strike class allegations, it is not appropriate for the Court to consider matters outside the pleadings."); *Perez v. PBI Bank, Inc.*, No. 14-cv-1429, 2015 WL 500874, at *10 (S.D. Ind. Feb. 4, 2015) ("Generally, material outside of the pleadings is not considered on a motion to strike . . . [because] the Court must treat all well pleaded facts as admitted." (citation modified)). This Court finds no reason to rule otherwise.

Accordingly, the Court will not consider Mr. Jones' deposition or other materials outside the pleadings. Because Blue Sky relies exclusively on these materials and does not identify any facial deficiencies in Counts VIII or X, Blue Sky's Motion to Strike those class claims is **denied**.

**B. <u>Cannons' Wage Claims Statute Claim (Counts XI–XIV)</u>**

Blue Sky next argues that the Cannons' class claims under the Wage Claims Statute (Counts XI –XIV) should be stricken because neither Mr. Cannon nor Ms. Cannon timely exhausted their administrative remedies, and their Wage Claims Statute claims are not amenable to class treatment.

**1. <u>Exhaustion of Administrative Remedies</u>**

The Court first focuses on whether *Ms.* Cannon properly exhausted her remedies. Defendants contend that Ms. Cannon did not in two ways. First, Defendants contend that her

submission to the DOL occurred after Mr. Cannon first filed this lawsuit, although Ms. Cannon allegedly exhausted her remedies before she formally joined this lawsuit on October 27, 2025 (Filing No. 74 at 15; Filing No. 63). Indiana caselaw clearly required *Mr.* Cannon to exhaust his remedies before *he* filed this lawsuit, but Defendants offer no caselaw showing that Ms. Cannon was required to exhaust her remedies before that time, as opposed to exhausting her remedies before *she* joined this action. On reply, Blue Sky notes that "Plaintiffs cite no authority" allowing a plaintiff to exhaust administrative remedies after a suit is filed, but before joining the lawsuit (Filing No. 93 at 7). That may be true, and Plaintiffs may ultimately be unable to prove that Ms. Cannon timely exhausted her administrative remedies, but on a Motion to Strike, Blue Sky bears the burden of proving that the class is not certifiable. Blue Sky has not cited any authority showing that Ms. Cannon's exhaustion was untimely, so it has failed to carry its burden.

Second, Defendants contend that Ms. Cannon's DOL complaint "yielded only a notice that the DOL could not reach a determination" rather than a referral letter (Filing No. 74 at 15). At this stage, however, the Court accepts the allegations in the Amended Complaint as true, and the Amended Complaint alleges that the DOL "issued its attorney referral letter on September 22, 2025." (Filing No. 66 ¶ 99; Filing No. 81 at 12–13; *see* Filing No. 54 ¶ 99 ("Blue Sky admits . . . that the Department issued an attorney referral letter on September 22, 2025.")).

Having determined that Ms. Cannon's class allegations for the Wage Claim Statute claims should not be stricken, the Court need not reach the issue of whether Mr. Cannon's Wage Claim Statute claims must be stricken for failure to exhaust. The adequacy of Mr. Cannon as an additional class representative "can be examined throughout the litigation." *In re Southwest Airlines Voucher Litig.*, 799 F.3d at 715 ("The class has been represented adequately, at least by plaintiff Malone.").

It is sufficient at this stage, based on the pleadings, that at least one named Plaintiff is a fair and adequate class representative.

**2. Amenability to Class Action Treatment**

Blue Sky next argues that the Wage Claim Statute claims are "not amendable [*sic*] to class action treatment because each putative class member must exhaust their individual administrative remedies before filing a lawsuit." (Filing No. 74 at 16). Blue Sky argues that under *Lemon v. Wishard Health Services*, 902 N.E.2d 297 (Ind. Ct. App. 2009), the Cannons cannot "serve as a proxy for claims of putative class members," and "the unknown claims of putative class members are not amendable [*sic*] to class action treatment, especially where they too have failed to exhaust their administrative remedies before the filing of this lawsuit." (Filing No. 74 at 16–17). Plaintiffs do not address this particular argument in their response. Nevertheless, the Court finds that Blue Sky reads *Lemon* too broadly and that it would be premature to strike the Wage Claim Statute class allegations at this stage on this basis.

In *Lemon*, the plaintiff—Lemon—submitted a wage claim to the DOL, received her referral letter, and then filed a putative class action lawsuit against her former employer. Lemon asserted that the employer had failed to pay her timely and "at least 100 other involuntarily separated former . . . employees." *Id.* at 299. The plaintiff then moved for class certification and asserted that "there were approximately 250 individuals who fit her proposed class definition, *none of whom had requested a referral letter from the DOL*." *Id.* (emphasis added). The trial court denied the motion for class certification, finding that "potential class members are required to submit their wage claims to the [DOL] before they are permitted to be members of a class action" under the Wage Claim Statute. *Id.* at 298–99. The Indiana Court of Appeals affirmed. Important to the *Lemon* decision was the "undisputed" fact that the putative class members had not filed a claim with the DOL or received a referral letter. *Id.* at 301. "The only question, [then], [was] whether the act of

seeking class certification somehow enables the putative class members to avoid compliance with the statute." *Id.* at 301. The answer was "no."

*Lemon* does not hold that Wage Claim Statute claims are *per se* unamenable to class treatment, despite Defendants' suggestion otherwise. *Lemon* held only that putative class members must comply with the Wage Claim Statute's exhaustion requirements to be class members. And the putative Wage Claim Statute classes here are properly limited to individuals who "exhausted their Indiana wage claims before the Indiana Department of Labor." (Filing No. 66 at ¶¶ 141, 143, 145, 147). The Cannons have therefore avoided the pitfall that doomed the *Lemon* plaintiff's claim.

At the class certification stage, it may be revealed that no putative class members have exhausted their Wage Claim Statute claims, or that the classes are uncertifiable in some other respect. But that determination requires discovery, so a motion to strike the Wage Claim Statute class claims is premature. At this stage, Defendants have failed to prove that the proposed classes are not certifiable, so the Motion to Strike the class allegations for Counts XI–XIV is **denied**.

### C. Cannons' ADEA and ICRL Claims (Counts V–VI and XV–XVI)

Lastly, Blue Sky asks the Court to strike the class allegations for the Cannons' ADEA and ICRL claims (Counts V–VI and XV–XVI) for failure to exhaust their administrative remedies.[2] Specifically, Defendants argue Ms. Cannon failed to exhaust her administrative remedies before this lawsuit was filed, that both Mr. and Ms. Cannon failed to adequately allege a collective or class action in their administrative Charges, and that Counts VI and XVI propose impermissible "fail-safe" classes. (Filing No. 74 at 9–12). The Court addresses each argument in turn.

[2] At least as to ADEA claims, failure to exhaust is an affirmative defense, which Plaintiffs are typically not required to affirmatively plead. *Hertog v. Baptist Healthcare Sys., Inc.*, No. 23-cv-10, 2023 WL 5956865, at *3 (S.D. Ind. Sep. 13, 2023); *Davis v. Ind. State Police*, 541 F.3d 760, 763 (7th Cir. 2008) ("Complaints need not anticipate, and attempt to plead around, potential affirmative defenses." (citations omitted)).

**1. Timeliness of Ms. Cannon's Exhaustion**

Ms. Cannon filed her Charge of Discrimination with the Indiana Civil Rights Commission on March 18, 2025 (Filing No. 74-2),[3] prior to joining this suit as a plaintiff. As discussed above, while Blue Sky has cited authority requiring Mr. Cannon to exhaust his remedies before he initiated this suit, Blue Sky has not cited any authority showing that Ms. Cannon was required to exhaust her remedies under the ADEA or ICRL before Mr. Cannon filed this action. Blue Sky has thus failed to carry its burden of showing that Ms. Cannon's class claims for Counts V–VI and XV–XVI should be stricken. And in any event, it is undisputed that Mr. Cannon timely exhausted his administrative remedies for the ADEA and ICRL claims, and at this stage, it is sufficient that at least Mr. Cannon may still be able to serve as a collective/class representative. *See In re Southwest Airlines Voucher Litig.*, 799 F.3d at 715.

**2. Relation of Cannon's Administrative Charges to Class/Collective Claims**

Blue Sky next argues that the Cannons' Charges of Discrimination do not adequately refer to class or collective claims (Filing No. 74 at 9–11). "It is . . . well settled that the allegations contained in the complaint must be sufficiently 'like' or 'related to' the allegations of the underlying EEOC charge so that: (1) the defendant was placed on notice of the claims it would be required to defend against; and (2) the EEOC had an opportunity to investigate the allegations that might eventually find their way into a lawsuit and attempt to conciliate the differences between the parties." *Ruiz v. Adecco Emp. Servs.*, No. IP02-1302-C, 2002 WL 31427454, at *1 (S.D. Ind. Oct. 25, 2002) (citing *Schnellbacher v. Baskin Clothing Co.*, 887 F.2d 124, 127 (7th Cir. 1989); *Jenkins v. Blue Cross Mut. Hosp. Ins., Inc.*, 538 F.2d 164, 167 (7th Cir. 1976) (*en banc*), *cert. denied*, 429 U.S. 986, (1976); and *Babrocky v. Jewel Food Co.*, 773 F.2d 857, 863 (7th Cir.1985) ("[A]llowing

[3] Plaintiffs do not dispute that the Court may consider Mr. Cannon's Charge of Discrimination, which is referenced in the Amended Complaint (Filing No. 66 ¶ 116).

a complaint to encompass allegations outside the ambit of the predicate EEOC charge would circumvent the EEOC's investigatory and conciliatory role, as well as deprive the charged party of notice of the charge, as surely as would an initial failure to file a timely EEOC charge.")). "The requirement that the complaint allegations be 'like or reasonably related to' the allegations contained in the EEOC charge extends to the scope of the complaint, so that a class action claim in the lawsuit must have been properly anticipated in the underlying charge." *Id.* In determining whether claims are "like or reasonably related to" EEOC charges, "charges are to be construed with 'utmost liberality'" *Eggleston v. Chi. Journeymen Plumbers' Local Union No. 130, U.A.*, 657 F.2d 890, 906 (7th Cir. 1981) (quoting *Jenkins*, 538 F.2d at 166–68).

As Blue Sky notes, several statements in Mr. Cannon's Charge refer only to his individual discrimination claims:

> *I* was terminated from my position . . . , which *I* believe was discriminatory due to my age. . . . In addition to my termination, there are various instances where I feel that *I* was treated unfairly and discriminated against. In or around 2023, I was promised a new role but withdrew after not receiving the pay that was promised. . . .I believe *I* was discriminated against because of my age (40+).

(Filing 74-1 at 1–2 (emphases added)). Ms. Cannon's Charge likewise contains statements that focus on Blue Sky's alleged discrimination against only her:

> I believe *I* was discriminated against due to . . . age . . . . *I* had made complaints to Respondent's HR about the discriminatory treatment, but no corrective action was taken and the issues continued. On August 2, 2024, *I* was terminated after *I* was accused of breaking Respondent's anti-fraternization policy . . . . I believe Respondent used the situation as a pretext to terminate *my* employment due to *my* protected classes. I believe *I* was discriminated against due to my . . . age . . . .

(Filing No. 74-2 (emphases added)).

However, as Plaintiffs note on response, both Charges contain references to discrimination against others within the protected class. Mr. Cannon's Charge alleges:

> After one of the previous managers was let go, he disclosed that he was told to look for *anybody* that had anything on people who had merits *or had been at the company for a long period of time so that they could be terminated*.
>
> . . . . I . . . was fired the next day *along with my girlfriend who is also over the age of forty*.

(Filing No. 74-1 at 1–2 (emphases added)). Because Mr. Cannon drafted his Charge himself, the Court must construe it liberally. *Chaidez v. Ford Motor Co.*, 937 F.3d 998, 1005 n.3 (7th Cir. 2019) ("Generally, a court must read the claims in the EEOC charge liberally, because such charges are often initiated by laypersons rather than lawyers. . . . [W]here the plaintiff was represented by counsel . . . , 'the argument for liberal construction' is 'weaken[ed].'" (second alteration in original) (quoting *Teal v. Potter*, 559 F.3d 687, 691–92 (7th Cir. 2009))).

Ms. Cannon's Charge also refers to alleged discrimination against others:

> . . . [O]ther staff for Respondent had made comments about *older workers* being expensive and that *we* shouldn't be allowed to be seated in the workplace. I had also been told previously that Respondent has a *history of targeting employees of my protected classes in order to have them removed* from the workplace. . . . I am aware of *younger employees of different protected classes* who were . . . not treated similarly.

(Filing No. 74-2 (emphases added)).

The Court finds that the Cannons' ADEA and IRCL collective/class claims are reasonably related to their administrative Charges. "Although the Seventh Circuit has placed clear emphasis on the language of the charge itself, it obviously left room for reasonable inferences from that language, or its holding that a complaint may be 'reasonably related' to the underlying charge would be nullified." *Ruiz*, 2002 WL 31427454, at *2. Mr. Cannon's Charge alleges that a Blue Sky manager had been instructed to look for "anybody" who had been with Blue Sky "for a long period of time so that they could be terminated." (Filing No. 74-1). He also cited the termination of his over-forty-year-old girlfriend as an example of discrimination against someone besides himself. *Id.* These allegations, when construed liberally, give the clear impression that older employees

were targeted by Blue Sky for termination and were sufficient to put Blue Sky and the EEOC on notice that a potential class/collection action "was in the making." *Ruiz*, 2002 WL 31427454, at *3 (denying motion to dismiss class claim where plaintiff's EEOC charge contained references to "Hispanic applicants" and "Caucasian applicants").

Ms. Cannon's Charge is reasonably related to the class/collective claims for the same reasons. Her Charge, which was drafted with the assistance of counsel, contains even more explicit references to class-wide discrimination. She refers to comments by staff members about "older workers" (using the collective "we"), alleges a "history of targeting employees of [her] protected class," and alleges preferential treatment for "younger employees." (Filing No. 74-2). These allegations were sufficient to put Blue Sky on notice that it may need to defend against class and collective claims. *Fellows v. Universal Rests., Inc.*, 701 F.2d 447 (5th Cir. 1983) (finding sex discrimination class claim could be inferred, from charge alleging that plaintiff had applied for several positions that she was denied because of her sex, she was the only woman employed in her position, and she was paid less and discharged because of her gender, that it was the employer's policy to hire few women and discriminate against women in pay and promotions).

The broad language used in Mr. and Ms. Cannons' Charges make this case distinguishable from the cases cited by Blue Sky, in which each plaintiff's charge was plainly limited to individual claims of discrimination against the plaintiff. (Filing No. 74 at 10–11); *Schnellbacher*, 887 F.2d at 128 (finding no indication of class-wide discrimination in charge alleging only that plaintiffs had "been discriminated against because of [their] sex" and had been told "that a woman is to make less than a man because a woman does not have to support a family"); *Vasich v. City of Chicago*, No. 11 C 4843, 2013 WL 80372, at *5 (N.D. Ill. Jan. 7, 2013) ("[T]he earliest charges of discrimination did not suffice to give the City notice of class-wide claims . . . . Each charge spoke

only of discrimination against the charging woman herself, using the pronouns 'I' and 'my,' exclusively. Not one of them referred to any other applicants or to discrimination against women in general."); *Warr-Hightower v. Ill. Central Coll.*, No. 17-cv-1153, 2017 WL 5484671, at *4–5 (C.D. Ill. Nov. 15, 2017) (finding no reference to class-wide allegations where "[t]he charge . . . only refers to specific individual instances of discrimination, and it speaks exclusively of discrimination against [the plaintiff]"); *Chi. Reg'l Council of Carpenters v. Pepper Construction Co.*, 32 F. Supp. 3d 918, 925–26 (N.D. Ill. 2014) (finding that class representative could not "piggyback" on individual plaintiff's EEOC charge, which alleged only, "I believe I have been discriminated against because of my perceived disability. The Employer refused to hire me based on the results of a pre-hire medical examination. Specifically, the Employer wrongfully refused to hire me because they said my heart beat rate was too fast."); *Brady v. Boehringer Ingelheim Pharmaceuticals, Inc.*, 525 F. Supp. 2d 1034, 1037 (N.D. Ill. 2007) (finding that plaintiff did not exhaust remedies for class claims, where EEOC charge alleged only "I was discharged . . . based on my age."). Accordingly, the Court finds that Mr. Cannon and Ms. Cannon's Charges were sufficient to exhaust their remedies as to these class/collective claims.

Blue Sky also argues neither Mr. Cannon nor Ms. Cannon can represent the proposed classes of employees allegedly denied promotions (in Counts V and XV) because their Charges "do not claim that Blue Sky denied them a promotion." (Filing No. 74 at 11). However, Mr. Cannon's EEOC Charge alleges that despite being hired into a new role, his director denied him the increased pay that Mr. Cannon was promised would accompany his new role, resulting in Mr. Cannon stepping down from the position (Filing No. 74-1 at 1). Construing these allegations liberally, he has adequately alleged that Blue Sky effectively denied him a promotion by denying

him the terms of that promotion. At the pleading stage, and construing Mr. Cannon's Charge liberally, the Court finds this to be sufficient.

Plaintiffs do not respond to Blue Sky's argument that Ms. Cannon does not allege the denial of a promotion in her Charge, but because at least Mr. Cannon may be able to represent the collective/class for Counts V and XV, the Court need not reach the issue of Ms. Cannon's exhaustion for those Counts. *See In re Southwest Airlines Voucher Litig.*, 799 F.3d at 715.

**3. "Fail-Safe" Classes (Counts VI and XVI)**

Blue Sky lastly argues that the class claims for one ADEA claim and one ICRL claim (Counts VI and XVI) must be stricken because they propose impermissible "fail-safe" classes (Filing No. 74 at 12–13). The proposed collectives for Counts VI and XVI are both: "All persons employed by Defendant aged forty (40) years old or older who suffered an adverse employment action because of their age." (Filing No. 66 ¶¶ 129, 151).[4] Blue Sky argues that these class claims should be stricken because they create improper "fail-safe" classes (Filing No. 74 at 12–13). Plaintiffs' response does not squarely address whether the proposed class/collective definitions are "fail-safe" classes (Filing No. 81 at 9–12).

The fail-safe issue typically arises under Rule 23.[5] An implicit requirement under Rule 23 is that the class definition "be definite enough that the class can be ascertained." *Oshana v. Coca-Cola Co.*, 472 F.3d 506, 513 (7th Cir. 2006). This requires that the class definition be "defined clearly" and that membership in the class "be defined by objective criteria." *Mullins v. Direct*

[4] The proposed classes are substantially identical and differ only in that Count VI refers to individuals "aged forty (40) years old or older," whereas Count XVI refers to individuals "aged 40 and older." (Filing No. 66 ¶¶ 129, 151).

[5] The parties agree that Rule 23 does not apply to ADEA collective actions (Filing No. 81 at 11–12; Filing No. 93 at 8 n.3). Because the issue of fail-safe classes typically arises under Rule 23, the Court mentions Rule 23 here, but this Order should not be construed as finding that Rule 23 applies to Plaintiffs' ADEA collective claims. Blue Sky does not explicitly address whether the prohibition on "fail-safe" classes applies to collective actions, but the Court expects the parties will address this issue at the appropriate later stage.

*Digital, LLC*, 795 F.3d 654, 657 (7th Cir. 2015). One of the "common problems that have caused plaintiffs to flunk this requirement" is "classes that are defined in terms of success on the merits—so-called 'fail-safe classes.'" *Id.* at 660. "Defining the class in terms of success on the merits is a problem because 'a class member either wins or, by virtue of losing, is defined out of the class and is therefore not bound by the judgment.'" *Id.* at 660 (quoting *Messner v. Northshore Univ. Health Sys.*, 669 F.3d 802, 825 (7th Cir. 2012)). "This raises an obvious fairness problem for the defendant: the defendant is forced to defend against the class, but if a plaintiff loses, she drops out and can subject the defendant to another round of litigation." *Id.*

Plaintiffs' proposed class/collective definitions for Counts VI and XVI mirror the elements of a *prima facie* age discrimination claim, meaning that the merits of these individuals' claims will likely determine their inclusion in the collective. Blue Sky's position is therefore well taken. But "[w]hat Defendant fails to acknowledge is that 'the obligation to define the class falls on the judge's shoulders,' so even if the class definition proposed in the complaint is not properly certified, that does not necessarily mean that there is no proper class that could be identified by the Court." *Lewis v. Register.com, Inc.*, No. 25-cv-275, 2025 WL 2662338, at *2 n.1 (S.D. Ind. Sep. 16, 2025) (quoting *Chapman v. First Index, Inc.*, 796 F.3d 783, 785 (7th Cir. 2015)). Defining a class to avoid the fail-safe problem "can and often should be solved by refining the class definition rather than by flatly denying class certification on that basis." *Messner*, 669 F.3d at 825. The Court finds that it would be premature to strike the class allegations for Counts VI and XVI at the pleading stage.

The fail-safe issue can and should be addressed at the certification stage at the latest and, if possible, resolved through refining the class. *See, e.g.*, *Drake v. Mirand Response Sys., Inc.*, No. 19-cv-1458, 2020 WL 4218335, at *3–4 (S.D. Ind. July 22, 2020) (denying motion to strike class allegations raising fail-safe argument because defendants did not show it was "impossible" for

plaintiff to certify a class); *Wolfkiel v. Intersections Ins. Servs., Inc.*, 303 F.R.D. 287, 294 (N.D. Ill. 2014) (denying in part motion to strike certain class allegations because defendant's fail-safe argument was "not a basis on which to strike Plaintiff's class allegations prior to the certification stage"); *St. Louis Heart Ctr., Inc. v. Forest Pharm., Inc.*, 2013 WL 1076540, at *6 n. 7 (E.D.Mo. Mar. 13, 2013) (denying motion to strike class allegations; "[I]n the face of a 'fail-safe class,' district courts have broad discretion to redefine the class in order to avoid issues that such a class definition may present."); *Alpha Tech Pet, Inc. v. Lagasse, LLC*, 205 F. Supp. 3d 970, 976–79 (N.D. Ill. 2016) (denying motion to strike class allegations raising fail-safe argument, granting plaintiff leave to amend class definition, and continuing motion for class certification "until a more appropriate point in the proceedings"); *Showers v. Pelican Investment Holdings Grp, LLC*, .751 F. Supp. 3d 900, 913 (S.D. Ill. 2024) (agreeing that class definitions are "fail-safe" classes but denying motion to strike class allegations and permitting plaintiff to amend class definitions); *see also Chapman*, 796 F.3d 783, 785 (7th Cir. 2015) (explaining that Rule 15(a)(2) standards do not apply to class definitions, but finding no abuse of discretion in denying plaintiff's attempt to revise class definition over four years into litigation).

The Motion to Strike the collective/class claims for Counts V–VI and XV–XVI is **denied**.

## IV. CONCLUSION

For the reasons stated above, Blue Sky's Motion to Strike Plaintiffs' Class and Collective Claims at Counts V, VI, VIII, X, XI, XII, XIII, XIV, XV, and XVI of Plaintiffs' First Amended Complaint (Filing No. 73) is **denied**, albeit without prejudice to Blue Sky raising these arguments in opposition to a Rule 23 motion filed by Plaintiffs or at another appropriate juncture.

**SO ORDERED**.

Date: September 22, 2026

Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

Distribution:

Julia M Keenan
Spitzer Law PC
julia@spitzerlawpc.com

Melissa A. Macchia
TAFT STETTINIUS & HOLLISTER LLP (Indianapolis)
mmacchia@taftlaw.com

Kevin K McCormick
SDHMR Law Group
kevin@sdhmrlaw.com

Andrew S. Murphy
TAFT STETTINIUS & HOLLISTER LLP
amurphy@taftlaw.com

Julia E. Powers
Taft Stettinius & Hollister LLP
jpowers@taftlaw.com

Jeremy Spitzer
Spitzer Law PC
jeremy@spitzerlawpc.com

Michael C. Terrell
TAFT STETTINIUS & HOLLISTER LLP (Indianapolis)
mterrell@taftlaw.com

Megan Ann Van Pelt
Taft Stettinius & Hollister LLP
mvanpelt@taftlaw.com